IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01783–DME–KMT

WILLIS MAX LESTER,

      Plaintiff,

v.

KATHERYN J. GARRETT, H.S.A., FCI-Stafford, AZ,
EDURADO M. FARRIOL, M.D.-FCI-Stafford, AZ,
CHIEF OF HEALTH SERVICES, Central Office, BOP,
DAVID DUNCAN, Warden, FCI-Stafford, AZ,
FIVE JOHN/JANE DOES, Medical personnel at FPC-Florence, and/or other BOP
facilities/offices,
GEORGE SANTINI, M.D., FPC-Florence, CO, and
UNITED STATES OF AMERICA/FEDERAL BUREAU OF PRISONS,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This case involves claims that Defendants violated the Eighth Amendment prohibition

against cruel and unusual punishment.  This matter is before the court on "Defendants' Motion to

Dismiss" filed December 28, 2009.  (Doc. No. 21.)  Jurisdiction is premised upon 28 U.S.C. §

1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388

(1971).

## FACTUAL BACKGROUND

      The following facts are taken from Plaintiff's Prisoner Complaint and the defendants'

motion to dismiss.  Plaintiff is an inmate at the Federal Prison Camp ("FPC") in Florence,

Colorado.  (Prisoner Compl. at 3 [hereinafter "Compl."] [filed July 29, 2009]; Defs.' Mot. to

Dismiss at 2 [hereinafter "Mot."] [filed December 4, 2009].)  Plaintiff states he has a serious and

rapidly deteriorating hip problem for which he needs hip replacement surgery.  (*Id.*)  Plaintiff

alleges the surgery was initially approved by the Risk & Utilization Review Committee at FCI

Stafford, Arizona, where he was housed until November 12, 2008.  (*Id.*, Mot. at 2, n.2.)  Plaintiff

alleges "the Committee referred the matter to the Central Office of the BOP in Washington,

whereupon, one or more of the Defendants . . . without seeing Plaintiff, denied the approval of

those who had seen the need in person."  (*Id.*)  Plaintiff contends Defendant Garrett "sided with

the Central Office Defendant(s) and refused to make any attempt to reverse the decision."  (*Id.*)

Plaintiff alleges that Defendants Ferriol, Duncan, and "some of the medical staff at the FPC

where Plaintiff is now housed" have failed to "see that needed treatment was provided."  (*Id.*)

Plaintiff states he experiences a great deal of pain due to his deteriorating hip condition.

(*Id.*)  Plaintiff alleges the pain medication he has been prescribed "has been determined unsafe

even at recommended dossages [sic]" and that "it does not abate the pain, which is constant."

(*Id.*)  Plaintiff alleges Defendant Santini has done nothing "to come to the assistance of

Plaintiff."  (*Id.*)  Plaintiff asserts Defendants have been deliberately indifferent to his serious

medical needs.  (*Id.*)  Plaintiff seeks injunctive relief, compensatory damages, and punitive

damages.  (*Id.* at 10.)

Defendants move for dismissal on the bases that (1) the Court lacks personal jurisdiction

over the out-of-state defendants; (2) the court lacks jurisdiction over all official capacity claims

and sovereign immunity applies; (3) Defendants are entitled to qualified immunity; (4) the

*Bivens* claim against Defendant Duncan does not allege personal participation; (5) Plaintiff's claim for injunctive relief is not appropriate in a *Bivens* action; and (6) the individual defendants and the unnamed defendants have not been properly served. (Mot.)

## PROCEDURAL HISTORY

Plaintiff filed his Prisoner Complaint on July 29, 2009. (Compl.) Defendants filed their Motion to Dismiss on December 4, 2009. (Mot.) Plaintiff filed his Response on December 28, 2009. (Resp. to Mot. to Dismiss [hereinafter "Resp."]). Defendants filed their Reply on January 8, 2010. (Defs.' Reply to Pl.'s Resp. to Their Mot. to Dismiss [hereinafter "Reply"].) This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

### *1.* **Pro Se *Plaintiff***

Plaintiff is proceeding *pro se*. Therefore, the court reviews his Complaint liberally and holds it to a less stringent standard than those drafted by attorneys. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170,

1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2.      *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### 3.      *Lack of Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2).  Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).  In the preliminary stages of litigation, Plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).  The allegations in Plaintiff's complaint "'must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits.'" *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)).  If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted).  Only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.*

***4.*** ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1. Sovereign Immunity and Official Capacity Claims

Defendants state it is unclear whether Plaintiff is suing the defendants in their official capacity, but that Defendants are immune from liability on claims brought against them in their official capacities. (Mot. at 2–3.) Plaintiff responds that "no one is sued in their official capacity." (Resp. at 2; Compl. at 10.) Plaintiff also states that he "seeks no damages against the United States other than injunctive relief." (*Id.*) To the extent, reading the Complaint liberally as this court must, *Trackwell*, 472 F.3d at 1243, Plaintiff asserts official capacity claims against the individual defendants, and to the extent Plaintiff is seeking money damages from Defendant United States/Bureau of Prisons ("BOP"), the court addresses Defendants' argument.

The BOP and the defendants in their official capacities enjoy sovereign immunity from *Bivens* actions. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding the United States is immune from a *Bivens* claim for money damages); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities."). Sovereign immunity removes a court's jurisdiction over a complaint. *See Governor of Kansas v. Kempthorne*, 516 F.3d 833, 846 (10th Cir. 2008) (noting "the strict jurisdictional nature of sovereign immunity"). This court, therefore, lacks jurisdiction over Plaintiff's *Bivens* claims against the BOP and the individual defendants in their official capacities. Accordingly, Plaintiff's *Bivens* claims for monetary damages against the Defendant BOP and the individual defendants in their official capacities are barred by sovereign immunity, and the Court therefore lacks subject-matter jurisdiction to hear these claims.

Defendants also argue that injunctive relief is not available to Plaintiff because "this is a *Bivens* action seeking money damages for an alleged past constitutional violation." (Mot. at 6–7, 17 [citing *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)].) The injunctive relief sought by Plaintiff is to require the defendants to "see that he receives the prescribed treatment immediately." (Compl. at 10.) The out-of-state defendants, who are no longer involved in the treatment of Plaintiff, do not have the ability to provide the treatment sought by Plaintiff. As such, the claims for injunctive relief against the out-of-state defendants in their individual capacities are properly dismissed.

However, the claims for injunctive relief against the John and Jane Doe Defendants, Defendant Santini, and the BOP relate to the continued and ongoing denial of hip replacement surgery for Plaintiff and the failure of these defendants to treat Plaintiff with anything other than medication or to advocate on his behalf for the surgery he feels is necessary and which has been approved in the past. This court does, therefore, have jurisdiction over Plaintiff's claim for injunctive relief against the BOP and the John and Jane Doe Defendants and Defendant Santini in their official capacities. *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231–36 (10th Cir. 2005) (holding that federal court had jurisdiction over a prisoner's claim for an injunction to force the BOP and prison officials acting in their official capacities to provide the prisoner with dental care). However, Plaintiff claims he has no official capacity claims against the individual defendants.

Accordingly, Plaintiff's *Bivens* claims for monetary damages against the Defendant BOP and the individual defendants in their official capacities are properly dismissed, as the Court lacks subject-matter jurisdiction. Plaintiff's claims for injunctive relief against the out-of-state defendants are barred by *Bivens* and are properly are dismissed. Plaintiff's requests for injunctive relief against the BOP and against the John and Jane Doe Defendants and Defendant Santini in their individual capacities may proceed to the extent that Plaintiff's claims survive Defendants' Motion to Dismiss on the other grounds raised.

**2.      *Personal Jurisdiction Over Out-Of-State Defendants***

Defendants argue that the claims against the out-of-state defendants should be dismissed for lack of personal jurisdiction. Defendants Garrett, Ferriol, and Duncan are employees of the

Federal Bureau of Prisons ("FOB") in Stafford, Arizona. (Compl. at 2.) Defendants Garrett, Ferriol, and Duncan do not reside or work in the State of Colorado. (*Id.*; Mot. at 5.) Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendants Garrett, Ferriol, and Duncan. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

In a federal question case, as here, the proper analysis to determine personal jurisdiction has been summarized by the Tenth Circuit Court of Appeals as follows:

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.

*Peay v. Bellsouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations omitted).

In this case, the plaintiff is suing Defendants pursuant to *Bivens*. There is no federal statute which potentially confers jurisdiction by authorizing service of process on the defendants. *See McChan v. Perry*, 229 F.3d 1164, 2000 WL 1234844 (10th Cir.2000) (holding that section 1983 does not provide for nationwide service of process). In the absence of a federal statute, Federal Rule of Civil Procedure 4(e) directs that service of process be made in accord with the law of the state where the district court sits. Fed. R. Civ. P. 4(e).

In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process. *Doering v. Copper Mountain*, *Inc.*, 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235

(Colo. 1992). Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in — either in person or by an agent — the "commission of a tortious act within this state," or the "transaction of any business within this state." Colo. Rev. Stat. §§ 13-1-124(1)(a)–(b). To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process. *See Lichina v. Futura, Inc.*, 260 F. Supp. 252, 255 (D. Colo. 1966). Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *See OMI Holdings*, 149 F.3d at 1090; *Scheur v. Dist. Ct.*, 684 P.2d 249 (Colo. 1984). The focus is on protecting an individual's liberty interest in not being subject to "the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotations and citation omitted). Due process requires that a defendant have "fair notice that [his] activities will render [him] liable to suit in a particular forum." *Peay*, 205 F.3d at 1211.

To satisfy due process, minimum contacts must exist between the defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction. Where general jurisdiction is asserted over a non-resident defendant who has not consented to suit in the forum, minimum contacts exist if the plaintiff demonstrates the defendant's "continuous and systematic general business contacts" in the state. *OMI Holdings*,

149 F.3d at 1091. Specific jurisdiction is present where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1298 (10th Cir.1999). If it is established that a defendant's actions created sufficient minimum contacts, the court still must consider whether the exercise of personal jurisdiction over the defendant would offend traditional notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *International Shoe Co.*, 326 U.S. at 316). This inquiry requires a determination of whether the exercise of personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case. *Id.*

Plaintiff fails to demonstrate that the out-of-state defendants have minimum contacts with Colorado. The plaintiff's assertions, without more, are not sufficient to show that the out-of-state defendants are subject to personal jurisdiction in Colorado. *Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity). Moreover, the acts or omissions of Defendants Garrett, Ferriol, and Duncan alleged by Plaintiff clearly were taken by the defendants in their capacities as federal officials in the state of Arizona. Such acts and omissions do not suffice to establish minimum contacts for purposes of an individual capacity suit against a federal employee. *Hale v. Ashcroft*, No. 06-cv00541-REB-KLM, 2007 WL 2350150, at *3 (D. Colo. Aug. 15, 2007) (unpublished decision).

Plaintiff seems to argue in his Response that he is relying on diversity jurisdiction, and, as such, this Court has personal jurisdiction over the out-of-state Defendants. (Reply at 1.) This argument fails because this is not a diversity action but is a federal question action.

Plaintiff has failed to meet his burden of establishing that the Court has personal jurisdiction over Defendants Garrett, Ferriol, and Duncan. *See Intercon, Inc.*, 205 F.3d at 1247. Accordingly, Plaintiff's claims against Defendants Garrett, Ferriol, and Duncan must be dismissed for lack of personal jurisdiction.

### 3. *Personal Jurisdiction Over Defendant Santini*

Defendant Santini asserts he has not been personally served, and therefore this Court does not have jurisdiction over him. (Mot. at 18; Ex. G [Decl. Of George Santini, M.D. (hereinafter "Santini Decl.")].) Rule 4(e) of the Federal Rules of Civil Procedure states:

> [A]n individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode . . . ; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (2009). The Colorado Rules of Civil Procedure state that service upon a person shall be made by delivering a copy of the summons and complaint to the person; or by leaving a copy at the person's place of abode; or by leaving a copy at the person's workplace with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by

delivering a copy to a person authorized by appointment of law to receive service of process. Colo. R. Civ. P. 4(e)(1).

The docket in this case reflects that the United States Marshals Service served Defendant Santini at FPC Florence, 5880 State Highway 67 South, Florence, Colorado, by leaving a copy of the Summons and Complaint with "Chris Synsvol - BOP Legal." (Doc. No. 23.) In his Declaration, Defendant Santini confirms he is assigned to the FPC in Florence, Colorado. (Santini Decl., ¶ 1.) As such, this court finds service on Defendant Santini was sufficient under both the Federal Rules of Civil Procedure and the Colorado Rules of Civil Procedure, and this Court has jurisdiction over Defendant Santini.

## 4.      *Qualified Immunity*

Defendants argue that they are entitled to qualified immunity because Plaintiff has not stated an Eighth Amendment claim.[1]  This court has already determined that it does not have jurisdiction over Defendants Garrett, Ferriol, and Duncan.  As such, the court addresses this argument as it pertains to the remaining individual defendants only.

_____

[1]In support of their Rule 12(b)(6) Motion, Defendants have attached declarations of the defendants, as well as Plaintiff's medical records.  As a general rule, "a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).  Indeed, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b)(6).  The decision to consider supplemental materials outside of the pleadings is within the court's discretion.  *See Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).  Rather than consider the evidence submitted by the defendants, the court considers only the Complaint in making its recommendation.  Therefore, the court will not treat the motion as one for summary judgment under rule 56, but rather as a motion to dismiss under rule 12(b)(6).

The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quotation omitted).

Because of the underlying purposes of qualified immunity, courts address qualified immunity questions differently from other summary judgment decisions. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must meet a "heavy two-part burden." *Id.* Plaintiff first must establish that the facts, taken in the light most favorable to Plaintiff, show that the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. If Plaintiff establishes a violation of a constitutional or statutory right, "the next, sequential step is to ask whether the right was clearly established." *Id.* This determination must be made "in light of the specific context of the case, not as a broad general proposition." *Id.* "[T]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. If the plaintiff fails to satisfy either part of this "heavy two-part burden," the court must grant the defendant qualified immunity and dismiss the deficient claims.

In a recent opinion, the United States Supreme Court altered somewhat the analytical process that may be used when a defendant claims the protection of qualified immunity.

*Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808 (2009).  In *Pearson*, the Supreme Court held

that the sequential two step analysis mandated in *Saucier* should no longer be regarded as

mandatory.  The judges of the district courts and the courts of appeals should be permitted to

exercise their sound discretion in deciding which of the two prongs of the qualified immunity

analysis should be addressed first in light of the circumstances in the particular case at hand.

*Pearson*, ___ U.S. ___, 129 S. Ct. at 818.  The Supreme Court noted, however, that the sequence

set forth in *Saucier* often is the appropriate analytical sequence.  *Id.*

      The Eighth Amendment's ban on cruel and unusual punishment is violated if a

defendant's "deliberate indifference to serious medical needs of prisoners constitutes the

unnecessary and wanton infliction of pain."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  To establish a claim for deliberate

indifference, a plaintiff must first prove that objectively, his medical need is "sufficiently

serious."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious

"if it is one that has been diagnosed by a physician as mandating treatment or one that is so

obvious that even a lay person would easily recognize the necessity for a doctor's attention."

*Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).  Second, the plaintiff

must prove that, subjectively, the prison official "kn[ew] of and disregard[ed] an excessive risk

to inmate health and safety."  *Farmer*, 511 U.S. at 837.  That is, "the official must both be aware

of facts from which the inference could be drawn that a substantial risk of serious harm exists,

and he must also draw the inference."  *Id.*  Although an Eighth Amendment claim regarding

medical treatment generally concerns a medical professional's deliberate indifference in failing

to treat a prisoner's serious medical condition properly, it may also arise when a prison official acts with deliberate indifference in preventing a prisoner from receiving treatment or denying him access to medical personnel capable of evaluating the need for treatment. *Sealock v. Colorado*, 218 F.3d 1205, 12011 (10th Cir. 2000).

Defendants argue that Plaintiff has failed to meet the objective component of an Eighth Amendment claim. (Mot. at 9–11.) Plaintiff alleges he has a serious and rapidly deteriorating hip problem for which he needs hip replacement surgery. (Compl. at 3.) Plaintiff states he "experiences a great deal of pain and he has to build up his shoes several times to try to compensate for the deteriorating condition caused by his hip." (*Id.*) Plaintiff also asserts his "leg is getting shorter by the day due to the hip condition" and "he still has a painful limp due to the ever-increasing deteriorazation [sic] of the hip." (*Id.* at 3, 5.) Plaintiff alleges hip replacement surgery was initially approved by the Risk & Utilization Review Committee at FCI Stafford, Arizona, where he was housed until November 12, 2008. (*Id.*, Mot. at 2, n.2.) Defendants concede that Defendants Garrett and Ferriol, a medical doctor, both recommended Plaintiff for hip replacement surgery. (Mot. at 9.) As such, the court finds Plaintiff has shown he has a sufficiently serious medical need, and Plaintiff's Complaint sufficiently alleges the objective element of his claim.

Defendants also contend that Plaintiff cannot meet the subjective component of an Eighth Amendment claim. (Mot. at 11–16.) As to Defendant Chief of Health Services[2], the only

---

[2]Defendants appear also to move for dismissal of Defendant Chief of Health Services, who they identify as Dr. Allen. (Mot. at 9, 14.)

allegation made by Plaintiff is that "for some unknown reason the Committee referred the matter to the Central Office of the BOP in Washington, whereupon, one or more of the Defendants (H.S.A. Chief, name undisclosed), without seeing Plaintiff, denied the approval of those who had seen the need in person." (*Id.* at 3.) Plaintiff asserts Defendant Health Services Chief "denied treatment shortly before January 30, 2008 . . . ." (*Id.* at 5.) As to Defendant Chief of Health Services, Plaintiff has failed to allege Defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006)). Plaintiff has failed to make the "inquiry into [Defendant Chief of Health Services'] state of mind" required for Plaintiff to claim that the defendant has inflicted cruel and unusual punishment. *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 838). Accordingly, Plaintiff has failed to state a claim for deliberate indifference to his serious medical needs against Defendant Health Services Chief. As such, this defendant is entitled to qualified immunity.

With regard to the John and Jane Doe Defendants, Plaintiff alleges, "It appears that some of the medical staff at the FPC where Plaintiff is now housed also concurred with Central Office and have failed to see that needed treatment was provided." (Compl. at 3.) Plaintiff states the John and Jane Doe Defendants "have acknowledged that Plaintiff's condition does 'impact activities of daily living.' "[3] (*Id.* at 5.) Plaintiff also alleges Defendant Santini, "though he was

---

[3]Although Defendants fail to analyze the sufficiency of Plaintiff's complaint in relation to the claims against the John and Jane Doe Defendants, the court may do so here pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

aware of Plaintiff's medical records and current pain and deteriorating hip and back, has done

nothing to come to the assistance of Plaintiff" and to "accomodate [sic] Plaintiff's serious

medical problem except to prescribe medications which are at best bandaides [sic]." (*Id.* at 3, 6.)

Defendants argue that Defendant Santini is not responsible for denial of access to a

surgeon in the past. (*Id.* at 11.) This court agrees that Plaintiff has failed to allege personal

participation of the John and Jane Doe Defendants and Defendant Santini in the <u>past</u> denial of

the hip replacement surgery, as Plaintiff alleges that the surgery was denied by the Central Office

of the BOP. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) ("There must

be an affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.") However, Plaintiff's claims with

regard to Defendants Santini and the John and Jane Doe Defendants relate to the <u>continued</u>

denial of the surgery and the failure of these defendants to treat him with anything other than

medication or to advocate on his behalf for the surgery he feels is necessary and that was

approved by Risk & Utilization Review Committee.

Defendants argue that "Defendant Santini has monitored Plaintiff's hip condition since

his arrival at FPC Florence" and submitted medical records as evidence of the care Defendant

Santini has provided. However, as previously stated, this court may not consider evidence

beyond the pleadings on a Rule 12(b)(6) motion to dismiss. *Alvarado*, 493 F.3d at 1215.

Therefore, taking Plaintiff's allegations as true and construing them in the light most favorable to

the plaintiff, as this court must, *Hall*, 935 F.2d at 1198, the court finds Plaintiff has alleged

Defendant Santini and the John and Jane Doe Defendants "kn[ew] of and disregard[ed] an

excessive risk," *Farmer*, 511 U.S. at 837, sufficient to meet the subjective component of an Eighth Amendment claim. Accordingly, the court finds that the Plaintiff has stated an Eighth Amendment claim against the John and Jane Doe Defendants and Defendant Santini in their individual capacities.

Claims for deliberate indifference to serious medical needs of prisoners have long been recognized under the Eighth Amendment. *See Estelle*, 429 U.S. at 97. Whether or not Plaintiff's claim will survive a motion for summary judgment, his allegations sufficiently state a claim for deliberate indifference to withstand the Rule 12(b)(6) motion of Defendant Santini, and the court also has found the Eighth Amendment claim against the John and Jane Doe Defendants should not be dismissed for failure to state a claim. Therefore, these defendants are not entitled to qualified immunity.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion to Dismiss" (Doc. No. 21) be GRANTED in part and DENIED in part as follows:

1.     To the extent Plaintiff makes *Bivens* claims for monetary damages against Defendant BOP and the individual defendants in their official capacities, these claims are barred by sovereign immunity for lack of subject matter jurisdiction;

2.     Plaintiff's claims for injunctive relief against Defendants Garrett, Ferriol, and Duncan are barred by *Bivens* and properly are dismissed for lack of subject matter jurisdiction;

3.     Plaintiff's claims against Defendants Garrett, Ferriol, and Duncan also should be dismissed for lack of personal jurisdiction;

4. Plaintiff's claim against Defendant Health Services Chief should be dismissed for failure to state a claim for deliberate indifference and because this defendant is entitled to qualified immunity;

5. Plaintiff's claims for injunctive relief against the John and Jane Doe Defendants and Defendant Santini in their individual capacities and Plaintiff's claims for injunctive relief against the BOP should be set for further proceedings.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of March, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge