IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01783-DME-KMT

WILLIS MAX LESTER,

        Plaintiff,

v.

KATHRYN J. GARRETT, H.S.A., FCI-Stafford, AZ; EDUARDO M. FERRIOL, M.D., FCI-Stafford, AZ; CHIEF OF HEALTH SERVICES, Central Office, BOP; DAVID DUNCAN, Warden, FCI-Stafford, AZ; FIVE JOHN/JANE DOES, Medical Personnel at FPC-Florence and/or other BOP facilities/offices; GEORGE STANTINI, M.D., FPC-Florence, CO; UNITED STATES OF AMERICA/FEDERAL BUREAU OF PRISONS,

        Defendant.

## ORDER

This matter comes before the Court upon Magistrate Judge Tafoya's Recommendation of March 25, 2010 [Doc. No. 30]. Plaintiff Willis Max Lester, a prisoner currently detained at the Federal Prison Camp in Florence, Colorado (FPC-Florence), brought a one-count Complaint against numerous prison officials alleging deliberate indifference to his serious medical needs. Defendants moved to dismiss the entire complaint on various theories [Doc. No. 21], and Magistrate Judge Tafoya recommended granting in part and denying in part the motion to dismiss. Plaintiff filed an objection to the Recommendation [Doc. No. 31]. For the reasons that follow, the Court adopts the Recommendation in part and rejects it in part.

    **I.**    **Background**

Plaintiff alleges in his Complaint that "he has a serious and rapidly deteriorating hip problem for which he needs hip replacement surgery." (Recommendation at 2.) According to Plaintiff, the officials at the Federal Correctional Institution in Stafford, Arizona (FCI-Stafford),

where he was housed until he was transferred to FPC-Florence on November 12, 2008, approved his surgery. (Id.) Plaintiff claims that this decision was then overturned by the Central Office of the Bureau of Prisons (BOP) in Washington, and FCI-Stafford personnel did not see to his surgical needs during the remainder of his time at that facility. (Id.) Nor has the surgery been performed since his transfer to FPC-Florence, despite the alleged knowledge of prison officials in Florence of his need for the surgery. (Id.) Plaintiff has now brought suit against officials of FCI-Stafford, FPC-Florence, the Chief of Health Services of the BOP, and the BOP itself.

Magistrate Judge Tafoya recommended dismissing: (1) Plaintiff's claims for damages against BOP and against the individual defendants in their official capacity for lack of subject matter jurisdiction due to sovereign immunity; (2) Plaintiff's claims against the FCI-Stafford officials for lack of subject matter jurisdiction (as to claims for injunctive relief) and for lack of personal jurisdiction; and (3) Plaintiff's claim against the Chief of Health Services of the BOP for failure to state a claim on which relief can be granted and because that Defendant is entitled to qualified immunity. (Id. at 20-21.) Plaintiff does not object to any of these conclusions. (Objection at 1 ("Plaintiff acquiesces to Magistrate Tafoya's R & R . . . .").) The Court agrees with Magistrate Judge Tafoya's analysis, and adopts it as its own.

Magistrate Judge Tafoya also concluded that some claims against the FPC-Florence Defendants should not be dismissed. Specifically, "Plaintiff's claims for injunctive relief against the John and Jane Doe Defendants and Defendant Santini in their individual capacities and Plaintiff's claims for injunctive relief against the BOP" should not be dismissed and "should be set for further proceedings." (Recommendation at 21.) The Defendants did not object to this conclusion. Therefore, the Court also adopts Magistrate Judge Tafoya's conclusions as to the

injunction claims, with one modification. The Recommendation says that the equitable claims against the FPC-Florence Defendants in their <u>individual</u> capacities should not be dismissed, but the claims seeking an injunction are really only brought against the FPC-Florence Defendants in their official capacities. Although the Complaint does not specify whether the claims against the FPC-Florence Defendants are in their individual or official capacities, the equitable claims here seek to enjoin official action and therefore are necessarily brought against the individual defendants in their official capacities. See <u>Simmat v. U.S. Bureau of Prisons</u>, 413 F.3d 1225, 1232 (10th Cir. 2005) ("Although nominally brought against the prison [doctors], [Plaintiff's equitable] claim is in reality against the United States."); <u>see also</u> <u>Pietrowski v. Town of Dibble</u>, 134 F.3d 1006, 1009 (10th Cir. 1998) ("An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works."). With this modification, the Court adopts the Magistrate Judge's conclusion as to Plaintiff's equitable claims against the FPC-Florence Defendants and the BOP.

Finally, the Magistrate Judge recommended the dismissal of Plaintiff's damages claims against the FPC-Florence defendants in their individual capacities because "Plaintiff . . . failed to allege personal participation of the John and Jane Doe Defendants and Defendant Santini in the <u>past</u> denial of the hip replacement surgery." (<u>Id.</u> at 19.) Plaintiff filed a one-page objection as to this part of the Recommendation, contending that his claims for damages against Defendants Santini and the John/Jane Does in their individual capacities remain viable.

**II.     Discussion**

When a party files a timely objection to a magistrate judge's recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been

properly objected to." Fed. R. Civ. P. 72(b)(3). Here, the only portion objected to is the Magistrate Judge's determination that Plaintiff's claims for damages under Bivens[1] against the FPC-Florence Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. In considering whether to grant the motion to dismiss, the Court accepts as true all well-pleaded factual allegations contained in the Complaint and draws all reasonable inferences in favor of the plaintiff. Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002). The Court then considers whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible"; mere conclusory allegations without supporting factual statements are insufficient. Cory v. Allstate Ins., 583 F.3d 1240, 1244 (10th Cir. 2009) (internal quotations omitted). In addition, Plaintiff's "pro se status entitles him to a liberal construction of his" Complaint. Hall v. Witteman, 584 F.3d 859, 863 (10th Cir. 2009).

To successfully allege a claim for deliberate indifference to a prisoner's medical needs in violation of the Eighth Amendment, a plaintiff must allege (1) that the alleged deprivation of medical care is "'sufficiently serious' to constitute a deprivation of a constitutional dimension," and (2) the prison official must have a "'sufficiently culpable state of mind,'" meaning that "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Self v. Crum, 439 F.3d 1227, 1230-31 (10th Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994)). In

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) permits plaintiffs to "sue federal officials in their individual capacities for damages for [certain constitutional] violations." Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005); see also Carlson v. Green, 446 U.S. 14, 18 (1980) (extending Bivens remedy to Eighth Amendment violations).

addition, to establish liability under Bivens, the plaintiff must show "that an affirmative link exists between the constitutional deprivation and either the [defendant's] personal participation, his exercise of control or direction, or his failure to supervise." Poolaw v. Marcantel, 565 F.3d 721, 732 (10th Cir. 2009) (internal quotations omitted).

Regarding the FPC-Florence Defendants, the Magistrate Judge concluded that Plaintiff has properly alleged both that his hip condition was objectively serious and that those Defendants "'knew of and disregarded an excessive risk' . . . sufficient to meet the subjective component of an Eighth Amendment claim." (Recommendation at 19-20 (quoting Farmer, 511 U.S. at 837).) The government has not objected to these conclusions, and the Court agrees that Plaintiff has adequately pleaded both elements of a deliberate indifference claim.

The Magistrate Judge also concluded, however, that the Complaint did not adequately allege the personal participation of the FPC-Florence Defendants with respect to the past denial of his surgery, as required to support a Bivens claim for damages. The Recommendation thus concludes that "Plaintiff has failed to allege personal participation of the John and Jane Doe Defendants and Defendant Santini in the past denial of the hip replacement surgery, as Plaintiff alleges that the surgery was denied by the Central Office of the BOP." (Recommendation at 19.) The Court disagrees with this portion of the Recommendation.

Plaintiff filed his complaint on July 29, 2009, over a year-and-a-half after he alleges that BOP's Health Services Chief denied his surgery, and approximately eight-and-a-half months after his transfer to FPC-Florence. Plaintiff alleges in the Complaint that "Defendants John/Jane Does each failed to provide the prescribed treatment [i.e. surgery] at several dates between January 30, 2008 and the date of this Complaint." (Compl. at 5.) In addition, he alleges,

5

> Defendant George Santini, M.D., is the treating doctor at the FPC where Plaintiff
> is incarcerated. He has been made aware of the treatment prescribed and has
> acknowledged that Plaintiff's condition does impact activities in daily living . . . ,
> yet he has done nothing to accommodate Plaintiff's serious medical problem
> except to prescribe medications which are at best bandaides [sic].

(Id. at 6.) Plaintiff also alleges that "Defendant Santini has been Plaintiff's chronic care physician since about December of 2008." (Id.)

The Court concludes that these statements sufficiently allege that the FPC-Florence Defendants personally participated in the denial of Plaintiff's treatment. Before filing his Complaint, Plaintiff resided at FPC-Florence for over eight months, from November 12, 2008 to July 29, 2009. Santini, who was his "chronic care physician" during much of that time, was allegedly aware of Plaintiff's condition and failed to call for the surgery that Plaintiff claims is essential. Plaintiff thus alleges that Santini was more than a supervisor and was actively involved in Plaintiff's treatment, which included the decision not to provide the surgery. See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding that supervisory status does not establish personal participation in the denial of constitutional rights). Therefore, Plaintiff has alleged that Santini personally participated in the past denial of necessary surgery.

The Complaint also adequately states a claim for damages against the John and Jane Doe Defendants at FPC-Florence.[2] Plaintiff alleges that "[o]ne or more John/Jane [D]oes at the FPC

---

[2] It is somewhat unclear from the Complaint whether Plaintiff is also making allegations against John and Jane Doe Defendants from FCI-Stafford. Plaintiff identifies the John and Jane Doe Defendants as "Five John/Jane Does, medical personnel at FPC-Florence, and/or other BOP facilities/offices." (Compl. at 1.) He also alleges that the John and Jane Does "failed to provide the prescribed treatment at several dates between January 30, 2008 and the date of this Complaint," even though he was not transferred to FPC-Florence until November 2008.
  To the extent Plaintiff is making any allegations against John and Jane Does from FCI-Stafford, those claims are dismissed for the same reasons that the claims against the other FCI-Stafford Defendants are dismissed.

in Florence have acknowledged that Plaintiff's condition does impact activities of daily living," and also that they "failed to provide the prescribed treatment." (Compl. at 5 (internal quotations omitted).) Again, given that eight months elapsed between Plaintiff's transfer to FPC-Florence and the filing of the Complaint, these allegations clearly refer to past instances in which Defendants personally demonstrated deliberate indifference towards Plaintiff's serious medical needs. Giving the pro se Complaint the liberal construction that it is due, see Hall, 584 F.3d at 863, the Court concludes that it adequately states a claim against the John and Jane Does at FPC-Florence for past denial of the surgery.

Although the Complaint states at one point that the Chief of Health Services at the BOP denied the surgery, this does not establish that the FPC-Florence Defendants lacked personal responsibility for continuing to deny the surgery. The Complaint does not allege that the FPC-Florence officials were unable to call for surgery after the Chief of Health Services denied it. At the motion to dismiss stage, the Court will not draw the adverse inference against Plaintiff that the FPC-Florence Defendants did not personally participate in the decision to deny Plaintiff treatment based solely on the fact that a BOP official had previously denied the surgery. See Ruiz, 299 F.3d at 1181 (noting that all reasonable inferences must be drawn in favor of Plaintiff when considering a 12(b)(6) motion); see also Hall, 584 F.3d at 863 (recognizing the liberal construction that courts should give to complaints filed by pro se litigants). Rather, the question of the FPC-Florence Defendants' personal participation in light of the Chief of Health Services' denial of treatment is more properly suited to resolution on summary judgment or thereafter.

Therefore, under a liberal reading of the pro se Complaint, Plaintiff has stated a claim that the FPC-Florence Defendants personally displayed deliberate indifference to Plaintiff's

7

medical needs. Whether the FPC-Florence Defendants actually possessed authority to provide the requested surgery in light of the denial by the Chief of Health Services is a factual matter that is not appropriate for resolution on a motion to dismiss.

**III.     Conclusion**

The Court ADOPTS in part and REJECTS in part Magistrate Judge Tafoya's Recommendation. The Court orders that all claims against the FCI-Stafford Defendants and the Chief of Health Services are DISMISSED. Defendants' motion to dismiss Defendants Santini and the John and Jane Doe Defendants from FPC-Florence are DENIED, both with respect to the claims for damages (in their individual capacities) and the claims for injunctive relief. The motion to dismiss is also DENIED with respect to the claim for injunctive relief against the BOP.

Dated this     3rd     day of       August , 2010.

BY THE COURT:

*s/ David M. Ebel*

DAVID M. EBEL
U. S. CIRCUIT COURT JUDGE